IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-814-GMS |
| | ) |
| KATHLEEN AMALFITANO and STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Clarence Edwards ("Edwards"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Edwards was arrested on April 28, 2005. He alleges that his court appointed attorney, the defendant, Kathleen Amalfitano ("Amalfitano"), an assistant public defender, conducted a sub-par investigation, had nothing to do with certain court forms, and did not explain his rights to him before he signed a plea agreement. (D.I. 2.) Edward alleges that he is not challenging his conviction, but challenges the procedures used when he pled guilty.

**II. STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a

civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, – F.3d –, No. 06-2869, 2008 WL 305025,

at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Public Defender

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

Amalfitano is an assistant public defender for the State of Delaware. (D.I. 2, Amalfitano aff.) Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S.

312 (1981). Therefore, Edwards' § 1983 claim against Amalfitano has no arguable basis in law or in fact and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### B. Eleventh Amendment Immunity

Edwards also names the State of Delaware as a defendant. The Eleventh Amendment bars suits against states, *see Bolden v. SEPTA*, 953 F.2d 807, 813 (3d Cir. 1991). A state, however, may waive its immunity under the Eleventh Amendment. Such waiver must be in the form of an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Ospina v. Department of Corr.*, 749 F. Supp. 572, 578 (D. Del. 1990) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)). The State of Delaware has not consented to Edwards's suit or waived its immunity under the Eleventh Amendment. Therefore, the court will dismiss the claims against the State of Delaware pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 25, 2008
Wilmington, Delaware

-4-



FILED

FEB 25 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-814-GMS |
| | ) |
| KATHLEEN AMALFITANO and STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 25th day of February, 2008, for the reasons set forth in the Memorandum issued this date, the complaint is **dismissed** for failure to state a claim upon which relief may be granted and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE